HECTOR BECHARD, Appellant, v. RUTLAND RAILROAD COM-
PANY, Respondent.

Third Department, May 8, 1918.

Railroads — negligence — injury at grade crossing — sleigh over-
turned by rail projecting above highway crossing — evidence
raising questions for jury.

Where in an action to recover for personal injuries it appears that while the
plaintiff was driving across the defendant's railroad tracks, which crossed
the highway at a sharp angle, the shoe of his sleigh caught against the
rail which projected an inch and a quarter above the planking, and the
plaintiff was not able to turn so as to cross the tracks more nearly at
right angles owing to the presence of a cake of ice, with the result that
his sleigh was overturned and his horses ran away, the negligence of
the defendant should have been submitted to the jury, especially where
it appears that other accidents had happened at the same place.

As the plaintiff knew the situation and usually took precautions to avoid
the danger and acted as he did owing to the presence of the cake of ice,
his contributory negligence was a question for the jury.

APPEAL by the plaintiff, Hector Bechard, from a judgment of
the Supreme Court in favor of the defendant, entered in the
office of the clerk of the county of Clinton on the 14th day
of April, 1917, upon a dismissal of the complaint by direction of
the court at the close of plaintiff's case, and also from the
order dismissing the complaint.

*Arthur S. Hogue*, for the appellant.

*Cantwell & Cantwell* [*John M. Cantwell* of counsel, *E. W.
Lawrence* with him on the brief], for the respondent.

JOHN M. KELLOGG, P. J.:

Near Champlain the defendant's track crosses the State
road at a sharp angle. The space between the rails is plank,
and upon the outside of the rails the planks are level with the
top of the rails. Between the rails the planks are depressed
and, as some of the evidence indicates, are an inch and a
quarter below the top of the rail. Sleighs, in making the
crossing in the direction which the plaintiff was taking, often
turn to the left, thus going over the rails at right angles so that

the sleigh shoes will not slue or slide upon the rails, and such was the usual custom of the plaintiff. But as he approached the crossing on this day, a cake of ice prevented, as he thought, his turning to the left, with the result that the shoe of the sleigh caught against the rail and slid along it about two feet, tipped the cutter over and the plaintiff's horse ran away.

At the close of the plaintiff's evidence a nonsuit was granted, evidently upon the theory of *Taylor* v. *Long Island R. R. Co.* (16 App. Div. 1), which the respondent relies upon to sustain the nonsuit. In that case the plank at the crossing raised above the surface of the ground about its thickness. The plank was firm, and evidently the earth had been worn away or pushed away from it, leaving the plank higher than the ground. The court said: " Extraordinary care would hardly suffice to keep the surface of the ground even with the plank, and ceaseless vigilance in precaution could scarcely foresee that an accident would happen from such a cause." In this case the iron rail extended, as the jury might have concluded, an inch and a quarter above the new planking, at a place where sleighs must cross the track at a sharp angle. The situation, to the jury, might seem to invite disaster. If the road had crossed the track at right angles, but little harm could come from the fact that the rail was higher than the plank. But here this high rail projecting above the plank, where teams were crossing it at an angle, presents a different situation, and made a proper case for the consideration of the jury.

The evidence indicated that other accidents had happened at this place shortly before, and apparently teams in crossing the track here ordinarily took extra precautions to avoid injury.

The plaintiff knew the situation and usually took precautions to avoid it, but the cake of ice prevented his crossing it in the manner he usually adopted. It was a fair question for the jury whether or not he was proceeding with due care.

The order and judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.